IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JAMES HEATER,**

        Plaintiff,

v.                                  **Civil Action No.: 5:23-CV-2**
                                             Judge Bailey

**CORRECTIONAL OFFICER CAPTAIN
SPRINGER,** and **CO JOHN DOE,**

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff initiated this action on January 4, 2023, by filing a Complaint under 42 U.S.C. § 1983. At the time the allegations in this case occurred, plaintiff was incarcerated at Eastern Regional Jail in Martinsburg, West Virginia. On April 19, 2023, defendant Springer filed Defendant Correctional Officer Captain Springer's Motion to Dismiss, [Doc. 4], along with a memorandum in support. On May 1, 2023, plaintiff filed a response to the Motion [Doc. 6], and on May 17, 2023, defendant filed a reply, [Doc. 10]. The motion is now fully briefed and ripe for decision. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the Motion to dismiss be granted in part and denied in part.

## II. The Complaint

According to the Complaint, at the time of the alleged incidents in this case, plaintiff was a prisoner at Eastern Regional Jail. Defendants Springer and Doe were correctional officers at Eastern Regional Jail. On December 26, 2020, defendants used a shotgun or other device to fire projectiles against plaintiff while he posed no threat; defendant Springer shot plaintiff in the groin and defendant Doe shot plaintiff in the leg. Although plaintiff began to pursue administrative remedies, he was released from custody on January 7, 2021. Plaintiff brings two claims against defendants. First, plaintiff alleges that the above actions constitute outrageous conduct. Second, plaintiff brings a claim for violation of his constitutional rights by using excessive force, pursuant to 42 U.S.C. § 1983.

## III. Motion to Dismiss

On April 19, 2023, defendant Springer filed a Motion to Dismiss. [Doc. 4]. In his memorandum in support, defendant argues that plaintiff's claims are barred by the statute of limitations.

## IV. Standard of Review

**A.   Section 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

*Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254–257 (1978)). In *Gomez v. Toledo*, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

*Gomez*, 446 U.S. at 640.

**B.     Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley*, 550 U.S. at 555

(citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted), to one that is "plausible on its face," [*Id*. at 570], rather than merely "conceivable." *Id*. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." **Bass v. E.I. DuPont de Nemours & Co.**, 324 F.3d 761, 765 (4th Cir. 2003) (citing **Dickson v. Microsoft Corp.**, 309 F.3d 193, 213 (4th Cir. 2002); **Iodice v. United States**, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in **Ashcroft v. Iqbal**, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id*.

## V. Analysis

For purposes of determining the statute of limitations, claims filed pursuant to 42 U.S.C. § 1983 are analogous to general personal injury actions. **Wilson v. Garcia**, 471 U.S. 261, 279 (1985). Thus, their timeliness is determined based upon the relevant state limitations period for personal injury actions.

W.Va. Code § 55-2-12(b) provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the

4

>same shall have accrued if it be for any other matter of such nature that, in case a party dies, it could not have been brought at common law by or against his personal representative.

Accordingly, the applicable statute of limitations for plaintiff's § 1983 claim is two years; likewise, his claim for "outrageous conduct" is subject to the two-year statute of limitations.

It is undisputed that more than two years passed between the incident and the filing of this lawsuit; the Complaint alleges that the incident giving rise to both claims occurred on December 26, 2020, and the Complaint was filed on January 4, 2023, two-years and nine days later.  However, plaintiff argues that the statute of limitations period was tolled during the twelve days he remained incarcerated following the incident, until January 7, 2021, because during that time his claims were subject to the Prison Litigation Reform Act's ("PLRA") mandatory requirement of exhaustion of administrative remedies.

Under the PLRA, a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e (a).  "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."  **Porter v. Nussle**, 534 U.S. 516, 524 (2002).

The statute of limitations for claims brought under § 1983 is tolled during the PLRA exhaustion period.  **Battle v. Ledford**, 912 F.3d 708, 720 (4th Cir. 2019); **Fauconier v. Clarke**, 966 F.3d 265, 275 (4th Cir. 2020) ("in **Battle v. Ledford**, 912 F.3d 708 (4th Cir. 2019), we concluded that because the PLRA requires administrative exhaustion, application of federal equitable tolling principles is appropriate to account for the time prisoners spend exhausting their administrative remedies.").  In **Battle**, the Fourth Circuit joined "every circuit that has confronted a state no-tolling rule and . . . has applied federal

law to equitably toll § 1983 limitations during the PLRA exhaustion period." ***Battle***, 912 F.3d at 719.  The Fourth Circuit further noted:

> Tellingly, not one of these courts has required a claimant to prove additional extraordinary circumstances beyond the exhaustion requirement or to show constant diligence until the moment of filing, as the officers would have us do here. In fact, the Second Circuit even acknowledged "substantial delay arising from [the plaintiff]'s failure" to properly litigate the claim before it, but still equitably tolled the administrative grievance period in light of § 1983's well-established policies. ***Gonzalez*** [***v. Hasty***], 651 F.3d [318,] 320, 323.

***Battle***, 912 F.3d at 719–20.  However, this equitable tolling applies only when the prisoner shows (1) that he had been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way.  ***Fauconier***, 966 F.3d at 275.

Here, defendant argues that tolling should not apply to plaintiff's claim because plaintiff "was not required to exhaust administrative remedies prior to filing suit." [Doc. 10 at 3].  Defendant reasons that because plaintiff was released from incarceration and was thus not subject to the exhaustion requirement "for just twelve (12) days shy of two (2) years," he is unable to point to facts which prevented him from timely filing. [Id.].

As defendant observes, once released from prison, plaintiff was no longer subject to the requirement that he exhaust administrative remedies prior to filing suit.  ***Cofield v. Bowser***, 247 Fed. Appx. 413, 414 (4th Cir. 2007)(unpublished).  However, several courts outside the Fourth Circuit have found that tolling applies in circumstances in which the plaintiff was released from prison prior to filing suit.  See ***LaPine v. Gordon***, No. 2:22-CV-60, 2023 WL 2795524, at *3 (W.D. Mich. Feb. 23, 2023), *report and recommendation adopted sub nom.* ***LaPine v. Moore***, No. 2:22-CV-60, 2023 WL 2785555 (W.D. Mich. Apr. 5, 2023) (rejecting defendant's argument that tolling did not apply because plaintiff was not subject to exhaustion requirement at the time of filing because the PLRA legally

barred plaintiff from fling suit during the period he was incarcerated and pursuing administrative remedies); **Robinson v. PTS of Am., LLC**, No. 3:06-0033, 2006 WL 1083397, at *4 (M.D. Tenn. Apr. 24, 2006) (rejecting defendant's argument that plaintiff loses the benefit of a tolling period by virtue of release from prison); **Jones v. Unknown D.O.C. Bus Driver & Transportation Crew**, 944 F.3d 478, 482 (3d Cir. 2019) (tolling during period while prisoner is exhausting administrative remedies applied to former prisoners as well; to do otherwise "would give prison officials perverse incentives to delay the grievance process."); *but see* **Scott v. Larabell**, No. 1:06-CV-557, 2007 WL 1031643, at *3 (W.D. Mich. Apr. 3, 2007) (plaintiff not entitled to tolling because he was not a prisoner when he filed Complaint).

The undersigned finds that equitable tolling should apply here. As set forth above, the general rule in the Fourth Circuit is that for purposes of § 1983, the state statute of limitations is tolled during the time the prisoner is pursuing exhaustion of administrative remedies. The Complaint alleges that during his time in Eastern Regional Jail plaintiff attempted to exhaust administrative remedies. He was unable to complete exhaustion because the administrative remedy process could not be completed in the relatively short period between the alleged incident in this case and his release from incarceration. Nevertheless, during those 12 days, plaintiff's claims would have been barred under the PLRA's exhaustion requirement. The fact that he did not remain incarcerated long enough to exhaust available administrative remedies should not deprive him of tolling for this period. Further, as observed by the Third Circuit, to hold otherwise would potentially create a perverse incentive for the Department of Corrections: in situations where prisoners were set to be released within a time period in which administrative remedies

*might* not be completed, the Department would be incentivized to delay the process as much as possible in order to minimize the length of time a released prisoner would have to file suit. Clearly, this would go against the purposes of the PLRA's exhaustion requirement.

Finally, the undersigned notes that the same reasoning does not apply to plaintiff's first claim, for "outrageous conduct." A claim for intentional intention of emotional distress or the tort of outrage is a tort claim brought under West Virginia law. As such, it is not subject to the exhaustion requirements of the PLRA. "No action shall be brought with respect to prison conditions under section 1983 of this title, or **any other Federal law**, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (emphasis added). Exhaustion would still have been required under the West Virginia Prisoner Litigation Reform Act, West Virginia Code § 25-1A-2: "(c) An inmate may not bring a civil action regarding an ordinary administrative remedy until the procedures promulgated by the agency have been exhausted." However, the reasoning of ***Battle*** would not extend to the state statute. The ***Battle*** opinion relied on the Supreme Court's reasoning in ***Occidental Life Insurance Company of California v. E.E.O.C.*** in analyzing the interaction between a state's statute of limitations and the goals of § 1983:

> The Supreme Court has explained that it is inconsistent with § 1983's policies to apply "a state statute of limitations" to require a litigant "to refrain from commencing a civil action until it has discharged" a process mandated by federal law. ***Occidental*** [*Life Ins. Co. of California v. E.E.O.C.*], 432 U.S. at 367–68, 97 S.Ct. 2447. "For the State's wisdom in establishing a general limitation period could not have taken into account the decision of Congress to delay judicial action" while the litigant "performs its administrative responsibilities." Id. (internal quotation marks omitted).

***Battle***, 912 F.3d at 715. In plaintiff's outrageous conduct claim, there is no such

inconsistency; in establishing the two-year statute of limitations in West Virginia Code § 55-2-12(b), the state legislature could have taken into account the exhaustion requirement in the West Virginia Prisoner Litigation Reform Act.  Neither the statute of limitations or the West Virginia Prisoner Litigation Reform Act provide for tolling during the period a prisoner is pursuing administrative remedies.  Accordingly, equitable tolling does not apply to this claim and it should be dismissed.

### VI. Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant Correctional Officer Captain Springer's Motion to Dismiss [**Doc. 4**] be **GRANTED IN PART AND DENIED IN PART**, and plaintiff's claim for outrageous conduct should be dismissed without prejudice.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); ***Thomas***

***v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is further **DIRECTED** to provide copies of this Report and Recommendation to all counsel of record herein.

**DATED**: May 22, 2023.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE