IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JAMES HEATER,**

        Plaintiff,

v.                                                    **Civil Action No. 5:23-CV-2**
                                                          Judge Bailey

**CORRECTIONAL OFFICER**
**CAPTAIN SPRINGER** and
**CO JOHN DOE,**

        Defendants.

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that Defendant Correctional Officer Captain Springer's Motion to Dismiss be granted in part and denied in part, and plaintiff's claim for outrageous conduct should be dismissed without prejudice.

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. **Thomas v. Arn**, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. **United**

*States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). No objections have been filed to the magistrate judge's report and recommendation.

This Court will **ADOPT IN PART** Magistrate Judge Mazzone's report [**Doc. 11**].

In his motion, Captain Springer argues that since the incident which is the subject of this action is alleged to have occurred on December 26, 2020, and that this action was filed on January 4, 2023, the applicable two year statute of limitations had run, barring this action.

The operative dates are December 26, 2020 (the date upon which the incident is alleged to have occurred); January 7, 2021 (the date upon which the Mr. Heater was released); and January 4, 2023 (the date upon which this action was filed).

In response, the plaintiff argues that the statute of limitations applicable to this case was equitably tolled during the exhaustion period, citing **Battle v. Ledford**, 912 F.3d 708 (4th Cir. 2019).

It is clear that equitable tolling will be applied during the period in which an incarcerated person proceeds to exhaust his administrative remedies. However, under the Second Circuit decision **Gonzalez v. Hasty**, 651 F.3d 318 (2d Cir. 2011), tolling is applicable during the time period in which an inmate is actively exhausting his administrative remedies. This makes certain information crucial: i.e. did the plaintiff file a grievance and, if so, upon what date the plaintiff began the administrative remedy process.

In the absence of that information, this Court cannot consider the statute of limitations issue.

Accordingly, Defendant Correctional Officer Captain Springer's Motion to Dismiss [Doc. 4] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claim for <u>outrageous conduct</u> is **DISMISSED WITHOUT PREJUDICE** because it is not subject to the exhaustion requirements of the Prison Litigation Reform Act.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED:** June 6, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE